FILED
2018 Oct-01 PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANN MOODY,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **1:18-cv-01462-ACA** |
| | ] | |
| **OXFORD EMERGENCY MEDICAL SERVICES INC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

**MEMORANDUM OPINION AND ORDER**

On August 9, 2018, Plaintiff Ann Moody filed a complaint in the Circuit Court of Calhoun County, Alabama, naming seven defendants: (1) Oxford Emergency Medical Services, Inc. ("Oxford EMS"); (2) Oxford EMS's Board of Directors ("the Board"); (3) Gregory Skinner, the Chairman of the Board; (4) Patrick Miller, the Vice-Chairman of the Board; (5) Randall Beshears, a member of the Board; (6) Ricky Howell, the Director of Oxford EMS; and (7) the City of Oxford. (*See* Doc. 1-1 at 5–7). The complaint raises thirteen counts, of which only one is a federal cause of action. (*See* Doc. 1-1 at 13–17; Doc. 1-2 at 2–14).

Defendants removed the case to federal court, asserting that the court has original jurisdiction over the federal cause of action under 28 U.S.C. 1331, and

supplemental jurisdiction over the remaining state law causes of action under 28 U.S.C. § 1367. (Doc. 1 at 3–4). On its own motion, the court ordered Defendants to show cause why the court should not decline to exercise supplemental jurisdiction over the state law causes of action. (Doc. 4). Defendants have filed their responses. (Docs. 5, 6, 7). The City of Oxford takes no position on whether this court should decline to exercise supplemental jurisdiction (doc. 6 at 4), and the remaining defendants argue that that the court should exercise supplemental jurisdiction (docs. 5, 7).

Because the court finds that the state law claims substantially predominate over the single federal claim, the court declines to exercise supplemental jurisdiction over them. For the reasons set out in more detail below, the court **SEVERS** Count Eight from the other counts. The court **REMANDS** Counts One through Seven and Nine through Thirteen to the Circuit Court of Calhoun County.

## I. BACKGROUND

Ms. Moody alleges that in 1997, she began working as an office manager for a predecessor to Oxford EMS, a company she calls Oxford EMS 1990. (Doc. 1-1 at 8). At some point, Oxford EMS 1990's then-director, Randy Third, and Oxford EMS's current director, Mr. Howell, asked Ms. Moody to sign some paperwork, which turned out to be an application to incorporate and organize the company that would become Oxford EMS. (*Id.* at 8–9). Unbeknownst to Ms. Moody, the

application represented that Ms. Moody was an elector of the City of Oxford, a position that she has never held. (*Id.* at 9). In 2009, the City of Oxford's City Council approved the application, resulting in the formation of Oxford EMS. (*Id.* at 10).

In 2014, Ms. Moody became Oxford EMS's office manager. (Doc. 1-2 at 8). In March and November 2016, Ms. Moody's coworker Missy Hall filed ethics complaints against Mr. Howell, Mr. Skinner, Mr. Miller, and Mr. Beshears—all officers of Oxford EMS. (Doc. 1-1 at 14, 17). Ms. Moody's complaint does not reveal the basis for those ethics complaints, but she does allege that she cooperated with the Alabama Ethics Commission's investigation, and in fact soon filed her own ethics complaint against Mr. Howell. (*Id.*). The Commission eventually concluded that it did not have jurisdiction over any of the Oxford EMS officers because they were not public employees or public officers. (*Id.* at 15, 17).

Ms. Moody alleges that several things happened after she filed her ethics complaint. First, as a result of her cooperation with the Alabama Ethics Commission, Mr. Howell began retaliating against her, resulting in her being placed on paid administrative leave in July 2017. (Doc. 1-2 at 8–9). Her employment was terminated in January 2018. (*Id.* at 9). Second, at some point, Mr. Howell obtained her identifying information and used it to his own benefit and for the purpose of obstructing justice. (*Id.* at 10–11). Third, the Board,

Mr. Skinner, Mr. Miller, and Mr. Beshears allowed Mr. Howell to cover up his wrongdoing by failing to place him on administrative leave while they investigated her complaints. (*Id.* at 12). She also contends that they failed to adequately investigate her complaints and that they failed to take appropriate disciplinary action against Mr. Howell. (*Id.*).

Based on those factual allegations, Ms. Moody asserts the following thirteen counts:

(1) an order dissolving Oxford EMS, appointing a receiver, and awarding attorneys' fees and costs;

(2) a declaratory judgment that Mr. Howell and the employees of Oxford EMS are public employees under Alabama law;

(3) a declaratory judgment that Mr. Howell, Mr. Skinner, Mr. Miller, Mr. Beshears, and two non-defendants are public officials under Alabama law;

(4) a declaratory judgment that all funds received by Oxford EMS are municipal funds;

(5) a declaratory judgment that Alabama law did not authorize the incorporation of Oxford EMS;

(6) violation of Alabama law by retaliating against her for her cooperation with the ethics investigations;

(7) wrongful termination, apparently in violation of Alabama law;

(8) violation of due process, under 42 U.S.C. § 1983;

(9) identity theft;

(10) obstruction of justice using a false identity;

(11) negligent, wanton, and/or willful conduct with respect to Defendants' investigation into and disciplinary action against Mr. Howell;

(12) felonious injury for Defendants' violation of Alabama ethics law; and

(13) conspiracy.

(Doc. 1-1 at 13–17; Doc. 1-2 at 2–14).

## II. DISCUSSION

The court has federal question jurisdiction over Count Eight, Ms. Moody's federal due process claim raised under § 1983. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). And where the district court has original jurisdiction over a claim, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). Because the claims all "arise out of a common nucleus of operative fact," *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742–43 (11th Cir. 2006), the court has supplemental jurisdiction over the state law claims.

But even where supplemental jurisdiction exists under § 1367(a), the court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* § 1367(c)(2). The question

currently before the court is whether the twelve state law claims "substantially predominate[ ]" over the single federal claim. The court finds that they do.

"A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker*, 468 F.3d at 744 (quotation marks omitted). Ms. Moody's due process claim does not constitute the real body of this case; although it arises from the same nucleus of operative fact as the state law claims, the state and federal claims involve distinct legal and factual questions.

Ms. Moody's allegations that Defendants formed Oxford EMS in contravention of Alabama law and violated some unspecified Alabama rule or rules of ethics—the basis for Counts One through Five, Eleven, and Twelve—appear to form the real bulk of her case. Counts Six and Seven—the state law claims for retaliation and wrongful termination—are based on Alabama Code § 36-25-24, which governs retaliation by public officials and employees against public employees for reporting ethics violations or giving truthful statements or testimony concerning alleged ethics violations. Counts Nine and Ten rely on Ms. Moody's allegation that Mr. Howell stole her identity and used it for his own purposes. And Count Thirteen asserts that Defendants conspired to commit the wrongs listed above. With the exception of the identity theft claims, the state law claims are

closely related and will involve overlapping legal and factual determinations, such as whether any of the defendants qualify as public employees or public officers.

But the federal claim is different. To the extent Ms. Moody is raising a procedural due process claim, she will have to establish "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Cook v. Randolph Cty., Ga.*, 573 F.3d 1143, 1148–49 (11th Cir. 2009) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). If she is raising a substantive due process claim, she will have to demonstrate that Defendants' actions "can be characterized as arbitrary or conscience shocking in a constitutional sense." *Maddox v. Stephens*, 727 F.3d 1109, 1119 (11th Cir. 2013). Either way, the facts she will need to establish and the legal questions the court will need to answer differ from the facts and law at issue in the state law claims.

Defendants contend that because Counts Six (state law retaliation), Seven (state law wrongful termination), and Eight (federal due process) relate to the termination of her employment, the state law claims do not predominate over the federal claim. The court is not convinced. To prevail on the state law claims, Ms. Moody will need to establish that she was a public employee; that the individual defendants were public employees or public officials; that her supervisor discharged or otherwise discriminated against her; and that her

supervisor took that action for a prohibited reason. *See* Ala. Code § 36-25-24(a). Counts Six and Seven, although based on the same factual predicate as Count Eight, relate more closely to her contentions about the formation of Oxford EMS under Alabama law than to the federal due process claim. The facts and law required to establish liability under Counts Six and Seven have very little in common with the facts and law required to establish liability under Count Eight. As a result, the court finds that the state law claims substantially predominate over the sole federal claim raised in this case. The court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(2).

## III. CONCLUSION

The court **DIRECTS** the Clerk to **SEVER** Count Eight from the remaining counts (Counts One through Seven and Counts Nine through Thirteen). Count Eight will remain in this court. The court **DIRECTS** the Clerk to **REMAND** Counts One through Seven and Nine through Thirteen to the Circuit Court for Calhoun County, Alabama.

**DONE** and **ORDERED** this October 1, 2018.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE